UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF JEANETTE TOLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-00872 |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is Defendant Auto-Owners Insurance Company's Motion to Dismiss Counts III and IV of the Complaint. Doc. 4. The Motion is ready for disposition. For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

**A. Relevant Facts**[1]

Ms. Tolen purchased a Homeowner's Insurance Policy from Defendant for the residential property at 9417 Harvest Court, Saint Louis, MO. Doc. 7 ¶ 3. On July 17, 2019, due to wind, a tree fell on the property, allowing rain to enter the house. *Id.* ¶ 4. The tree damaged the interior, exterior, and roof of the house as well as some personal property. *Id.*

On or about July 18, 2019, Ms. Tolen notified Defendant of the damage sustained and filed an insurance claim under the Policy. *Id.* ¶¶ 5, 6. Defendant received the claim and assigned it a claim number. *Id.* ¶ 6. Defendant repeatedly delayed payment for the repairs, causing continuing physical damage to the property and causing Ms. Tolen to experience worry, distress, and continuing economic harm. *Id.* ¶ 12.

Ms. Tolen died testate on April 18, 2020, leaving three heirs at law and naming her son Damon Tolen as personal representative of her estate. *Id.* ¶¶ 7, 8. The Estate has also been impacted due to the continuing economic and physical damage to the property. *Id.* Accordingly, the Complaint brings four Counts: Vexatious Refusal (Count I), Breach of Contract (Count II), Fraud (Count III), and Punitive Damages (Count IV). *Id.* at 3-7.

---

[1] For the purpose of this Motion, the Court assumes that the factual allegations in the Complaint are true. *See Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

1

### B. Procedural Background

Plaintiff commenced this action in the Circuit Court of St. Louis County on December 31, 2020. Doc. 7. Defendant accepted service on June 23, 2021, and removed the action to this Court on July 16, 2021. Doc. 1. Defendant filed this Motion the same day. Doc. 4. Defendant argues that Count III must be dismissed because it fails to allege facts that are independent of Plaintiff's breach of contract claim. Defendant also alleges that Count IV must be dismissed because Plaintiff fails to allege an independent tort claim and because Mo. Rev. Stat. § 510.261 prohibits punitive damages claims in initial pleadings.

Plaintiff filed its Opposition on August 29, 2021—44 days after Defendant's Motion was filed. Doc. 10. Under Local Rule 4.01, "each party opposing a motion . . . must file, within fourteen (14) days after service of the motion, a single memorandum containing any relevant argument[.]" E.D. Mo. L. R. 4.01(B). Plaintiff's Opposition was submitted 30 days late and was thus filed out of time. Plaintiff did not and has not requested leave to file its Opposition out of time, and the Court must therefore disregard it. Although Defendant's Motion thus stands unopposed, the Court will nonetheless evaluate its merits.

### LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, a court assumes the factual allegations of a complaint are true, *Neitzke*, 490 U.S. at 326-27, and draws all reasonable inferences in the non-movant's favor. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citation omitted).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly,* the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether

the plaintiff is entitled to present evidence in support of the claim. *See Twombly,* 550 U.S. at 556.

## DISCUSSION

### I.     Count III: Fraud

Defendant argues that Count III should be dismissed because it pleads a duplicative fraud claim that is based on the same elements as Plaintiff's breach of contract claim. Doc. 5 at 3. The Court agrees.

"Missouri law is clear that 'an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Travelers Indem Co. of Am. v. Holtzman Properties, LLC*, 2008 WL 3929574, at *6 (E.D. Mo. Aug. 21, 2008) (quoting *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62, 66 (Mo. banc 2000)). But the "insured cannot recast a contract claim as a tort under Missouri law." *Id.* (quotation marks omitted) (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002); *Zumwalt v. Utilities Ins. Co.*, 228 S.W.2d 750, 756 (Mo. 1950)). "A party complaining of breach of contract cannot also bring a tort claim dependent on the same elements as the contract claim." *Id.* "Attaching additional tort liability to a breach of contract claim is only allowed when an independent tort," based on independent facts, "form[s] the basis for the tort claim." *Id.* (citing *Overcast*, 11. S.W.3d at 67-68).

Count II (Breach of Contract) alleges that "Defendant agreed to provide [Ms. Tolen] with insurance in exchange for payment of money," Doc. 7 ¶ 28; Ms. Tolen "fulfilled all of her obligations," *id.* ¶ 29; and Defendant breached the contract by "refus[ing] to pay claimed benefits in accordance with the Policy," *id.* ¶ 30. Count III (Fraud) alleges that "Defendant misrepresented the insurance Policy . . . by making an untrue statement of material fact, to wit: the Defendant made a representation to [Ms. Tolen] that the Defendant would provide insurance coverage in accordance with the Policy . . . but has not provided insurance coverage in accordance with the Policy." *Id.* ¶ 33. Count III relies on the fact that Ms. Tolen was denied coverage under the Policy and provides no independent basis on which to base a tort claim. Thus, Count III alleges fraud based on the same facts that constitute Plaintiff's breach of contract claim, and such a claim is impermissible under Missouri law. *See Overcast*, 11 S.W.3d at 67-68.

## II. Count IV: Punitive Damages

Under Missouri law, "punitive damages are not recoverable for breach of contract." *Stamps v. Southwestern Bell Telephone*, 667 S.W.2d 12, 14 (Mo. App. 1984) (citing *Williams v. Kansas City Pub. Serv. Co.*, 294 S.W.2d 36, 40 (Mo. 1956)). One exception to that rule is that punitive damages may be recovered when the plaintiff "alleges and proves an independent and willful tort founded on the breach of contract." *Id.* Thus, absent an independent tort, Plaintiff's recovery is limited to damages provided under contract law. Although Plaintiff's damages may be supplemented by the vexatious refusal statute—which allows a plaintiff to recover an additional 25% on the first $1,500 lost as a result of the breach, 10% on the remaining loss, and a reasonable attorneys' fee, *see* Mo. Rev. Stat. § 375.420—because Plaintiff fails to allege an independent tort, Plaintiff may not recover punitive damages.[2]

### Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts III and IV (Doc. 4) is **GRANTED**. Counts III and IV shall be dismissed without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of February, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also argues that Count IV is impermissible under Mo. Rev. Stat. § 510.261(5), which states in relevant part:

> No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court. A trial court may grant leave to file such a pleading only on written motion by the claimant[.]"

Defendant argues that Count IV is improper because it contains a claim for punitive damages in an "initial pleading," and because Plaintiff has not filed a motion for leave to file a claim for punitive damages. Doc. 5 at 4-5. "The Eighth Circuit does not appear to have addressed the question of whether Mo. Rev. Stat. § 510.261(5) applies in federal court proceedings. However, district courts that have had occasion to decide the issue have consistently held that it does not." *Gaydos v. Gully Transportation, Inc.*, 2021 WL 4963523, at *2 (E.D. Mo. Oct. 26, 2021) (slip op.) (collecting cases). As Count IV fails for independent reasons, this Court need not decide whether Federal Rule of Civil Procedure 8, which governs the requirements for pleadings in federal court, preempts Mo. Rev. Stat. § 510.261 under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

4