**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ESTATE OF JEANETTE TOLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00872-SEP |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Auto-Owners Insurance Company's Motion for Summary Judgment. Doc. [24]. For the reasons set forth below, the Court grants the motion.

### UNDISPUTED MATERIAL FACTS AND BACKGROUND

The Estate of Jeanette Tolen originally filed this case in state court against Auto-Owners Insurance Company, alleging that Auto-Owners wrongfully handled a claim "for damages to the insured's house resulting from wind and the consequent falling of a tree onto the Insured's house." Doc. [7] ¶ 3. Plaintiff brought claims for vexatious refusal to pay, breach of contract, fraud, and punitive damages. The Court granted a motion to dismiss the fraud and punitive damages claims. Doc. [16]. Auto-Owners now moves for summary judgment on the remaining two claims. Docs. [24], [25]. Plaintiff responded in opposition, Doc. [34], and Auto-Owners replied, Doc. [36].

Although it did respond to Auto-Owners' Motion for Summary Judgment, Tolen's Estate failed to file a response to Defendant's Statement of Uncontroverted Material Facts, Doc. [26], or to specifically controvert any of the facts set out therein. *See* E.D. Mo. L.R. 4.01(E) ("Every memorandum in opposition must be accompanied by a documents titled Response to Statement of Material Facts . . . . All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."). The Court therefore deems the following facts admitted.

Auto-Owners insured the property located at 9417 Harvest Court, St. Louis, Missouri. Doc. [26] ¶ 1. The policy, specifically the Water Backup of Sewers or Drains endorsement, covers "risk of accidental direct physical loss to covered property . . . caused by: **a.** water from outside the plumbing system that enters through sewers or drains. . . . The most **we** will pay in

any one loss is the limit of insurance shown in the Declarations for Water Backup of Sewers or Drains." *Id.* ¶ 24. Further, "when the Water Backup of Sewers or Drains endorsement is part of this policy and **fungi**, wet rot, dry rot or bacteria follows accidental direct physical loss to covered property resulting directly from water backup, **we** will pay no more than the limit of insurance shown in the Declarations under 'Water Backup of Sewers or Drains' for all accidental direct physical loss to covered property including **fungi remediation cost**." *Id.* ¶ 25. The limit of insurance for Water Backup of Sewers or Drains is $10,000. *Id.* ¶ 28.

Plaintiff claims that a rain event on July 17, 2019, caused damage to the property. *Id.* ¶ 5. Specifically, Plaintiff alleges that a tree limb fell on the roof, allowing rain to intrude into the property. *Id.* ¶ 6. Plaintiff filed a claim, and Auto-Owners hired a third-party independent adjuster, Hausch & Company, to inspect the damages. *Id.* ¶ 7. The report prepared by Hausch & Company concludes that, while the fallen tree limb may have damaged some shingles, there was no damage to the roof itself and the roof required minimal repair. *Id.* ¶ 8. Hausch & Company prepared an estimate, and Auto-Owners paid the claim in accordance with the estimate. *Id.* ¶ 9.

After that payment, Plaintiff claimed additional damage to the home, including damages associated with mold remediation. *Id.* ¶¶ 10-11. Auto-Owners retained Damon Sagehorn of Engineering Evaluations, Inc. to perform a more extensive inspection of the property and Professional Services, Inc. to investigate the existence of mold. *Id.* ¶ 12. After his investigation, Sagehorn determined "there were no leak damages due to the storm/limb." *Id.* ¶ 13. Sagehorn found water stains only on the opposite side of the home from where the tree limb fell. *Id.* ¶ 14. The water stains Sagehorn found were older than the purported date of loss, and someone had painted over them. *Id.* ¶ 15.

Professional Services, Inc. performed an inspection to determine the extent of mold growth in the home. *Id.* ¶ 16. The company concluded that no water damage existed near the area where the limb fell on the roof, and that the water staining noted in the attic was pre-existing with evidence of attempted repairs. *Id.* ¶ 17. The company did not observe visible mold in the attic but did determine that the garage and basement had significant water damage resulting from a drain/sewer back up. *Id.* ¶¶ 18-19. The company reported that a drain clogged during heavy rain, causing water backup, and concluded that water intrusion from such backup had caused mold growth in the property. *Id.* ¶ 20. The company performed air samples and observed visible mold on the lower two to three feet of the drywall throughout the garage and in the lower

2

portions of the adjacent basement walls. *Id.* ¶ 21. The company's investigation determined that the water backup is unrelated to Plaintiff's claim based on the fallen tree limb. *Id.* ¶ 22. After the investigations, Auto-Owners paid the $10,000 limit for Water Backup of Sewers or Drains coverage and advised Plaintiff that no additional payments would be made because all applicable coverages were exhausted and that the policy affords no additional coverage. *Id.* ¶ 29.

## STANDARD

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds, based on the factual record, that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008)). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010) (quotation marks omitted) (quoting *Godfrey v. Pulitzer Pub. Co.*, 276 F.3d 405, 412 (8th Cir. 2002)).

## DISCUSSION

Turning first to the breach-of-contract claim: "In Missouri, '[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.'" *WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 994 (8th Cir. 2018) (quoting *Keveney v. Mo. Military*

*Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)).  The Court must give the language of the insurance policy its plain meaning and enforce unambiguous policy language as written.  *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 554 (Mo. 2014).

Under the policy, when fungi (such as mold) "follows accidental direct physical loss to covered property resulting directly from water backup, [Auto-Owners] will pay no more than the limit of insurance shown in the Declarations under 'Water Backup of Sewers or Drains' for all accidental direct physical loss to covered property including fungi remediation cost."  Doc. [26] ¶ 25 (emphasis omitted).  The "limit of insurance" for Water Backup of Sewers or Drains is $10,000.  *Id.* ¶ 28.  The undisputed facts show that a water backup caused the mold at issue.  *Id.* ¶¶ 19-20, 22-23.  Thus, by its unambiguous terms, the policy entitled Plaintiff to no more than $10,000 in coverage, which Auto-Owners paid.  *Id.* ¶ 29.  Because Auto-Owners did not breach the insurance contract, it is entitled to summary judgment on the breach-of-contract claim.

Auto-Owners is entitled to summary judgment on Plaintiff's vexatious-refusal claim for the same reason.  "Under Missouri law, vexatious refusal is derivative of a breach-of-contract claim.  There can be no recovery for vexatious refusal where there is no judgment for the plaintiff on the insurance policy."  *Aziz v. Allstate Ins. Co.*, 875 F.3d 865, 869 (8th Cir. 2017) (citations omitted).  Because the Court grants summary judgment to Auto-Owners on the underlying breach-of-contract claim, the Court likewise grants summary judgment to the insurance company on the vexatious-refusal claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Auto-Owners Insurance Company's Motion for Summary Judgment, Doc. [24], is **GRANTED**.  A separate judgment accompanies this memorandum and order.

Dated this 30th day of January, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE